IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GLORIA MEADOWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 2:07-CV-01421-TMP** |
| ) | |
| **O'CHARLEY'S, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed on May 14, 2008, by defendant O'Charley's, Inc., ("O'Charley's"). The matter has been fully briefed, and the parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8).

## I. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

1

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The substantive law will identify which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).  However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).  Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff.  Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.  Anderson, 477 U.S. at 255.  The non-movant need not be given the benefit of every inference but only of every reasonable inference.  Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. UNDISPUTED FACTS

Viewing the evidence in the light most favorable to the nonmoving party, as this court must for purposes of summary judgment, the facts pertinent to the defendant's motion for summary judgment appear to be as follows.

The plaintiff, Gloria Meadows, "ate dinner with her sister, Marion Daniel, at the O'Charley's restaurant on Parkway East in Roebuck" on June 14, 2005. It was not raining when Meadows and her sister entered the restaurant, but it began to rain while Meadows was eating. After eating, Meadows remained in the restaurant while her sister went to the car. While walking toward the door of the restaurant, Meadows "stepped from the carpet onto the ceramic tile floor, slipped, and fell." When she slipped, Meadows was "looking ahead . . . not at the ground." An O'Charley's employee reported the accident to the manager, and Meadows filled out an incident report. Meadows' sister drove her home before driving to the hospital 30 minutes later. There were "'Caution' or 'Wet Floor' signs . . . near the front door . . . about fifteen feet from the fall location," but Meadows did not notice the signs before she slipped and fell. Meadows does not know what caused her to fall. When asked at deposition, she testified, "My opinion is, while we were inside, it had rained outside and this was the traffic area, so I don't know"; however, she also testified that she "did not notice any slippery substance of liquid on the floor after she fell," and she had not noticed that the floor was slippery when she walked across it previously.

Meadows filed a negligence action against O'Charley's in the Circuit Court of Jefferson County, Alabama, on July 3, 2007. O'Charley's removed the action to federal court on August 3, 2007.

### III. DISCUSSION

The defendant seeks summary judgment on grounds that: (1) the plaintiff failed to produce substantial evidence that she fell as a result of a premises defect; (2) even assuming there was a defect that caused her to fall, the plaintiff failed to produce substantial evidence that O'Charley's had notice of the defect; and, (3) even assuming that rainwater caused the plaintiff to fall, the plaintiff failed to produce evidence that O'Charley's breached its duty of care to maintain its premises in a reasonably safe condition. Meadows asserts that O'Charley's negligently failed to warn her about a damp floor, which proximately caused the accident. It is not disputed that Meadows was an invitee of O'Charley's at the time of the accident.

Alabama law provides that an invitee is owed a duty by a premises owner to "exercise . . . ordinary and reasonable care to keep the premises in a reasonably safe condition," Tice v. Tice, 361 So. 2d 1051, 1052 (Ala. 1978) (citing Winn-Dixie v. Godwin, 349 So. 2d 37 (Ala. 1977)), and must warn the invitees "of any 'defects and dangers that are known to the landowner but are unknown or hidden to the invitee[s].'" Edwards v. Intergraph Servs. Co., No. 2060553, 2008 WL 162245, at *6 (Ala. Civ. App. Jan. 18, 2008) (alteration in original) (emphasis omitted) (quoting Prentiss v. Evergreen Presbyterian Church, 644 So. 2d 475, 477 (Ala. 1994)); see also Riverview Reg'l Med. Ctr., Inc. v. Williams, 667 So. 2d 46, 48 (Ala. 1995) ("The defendant's duty owed to [the invitee] was to keep the premises in a reasonably safe condition by the exercise of ordinary and reasonable care." (citing Bonds v. Brown, 368 So. 2d 536 (Ala. 1979))). However, "[t]he owner of a premises . . . is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to

an invitee." Tice, 361 So. 2d at 1052 (citing Delchamps, Inc. v. Stewart, 255 So. 2d 586 (Ala. 1971)); see also Edwards, 2008 WL 162245, at *6 (quoting Ex parte Harold L. Martin Distrib. Co., 769 So. 2d 313, 314 (Ala. 2000)); Shaw v. City of Lipscomb, 380 So. 2d 812, 814 (Ala. 1980).

In premises-liability actions that come about as a result of a fall, Alabama courts require the plaintiff to prove that: "(1) [the] fall was caused by a defect or instrumentality located on the defendant's premises, (2) the fall was a result of the defendant's negligence, and (3) the defendant had or should have had notice of the defect or instrumentality before the accident." Ervin v. Excel Props., Inc., 831 So. 2d 38, 41 (Ala. Civ. App. 2001) (citing Logan v. Winn-Dixie Atlanta, Inc., 594 So. 2d 83, 84 (Ala. 1992)); see also Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So. 2d 1162, 1164 (Ala. 1992). The plaintiff must offer this proof by "present[ing] substantial evidence, as opposed to speculation." Logan, 594 So. 2d at 84; see also Ex parte Wal-Mart Stores, Inc., 806 So. 2d 1247, 1253 (Ala. 2001) (holding that plaintiff did not offer substantial evidence regarding defendant's notice of the defect).[1] "Substantial evidence is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the

---

[1] Meadows' reliance on the scintilla rule is incorrect. The court in Cox v. Western Supermarkets, Inc., pointed out that because the "action was pending on June 11, 1987, [the substantial evidence rule] does not apply and the applicable standard is the 'scintilla rule.'" 557 So. 2d 831, 832 (Ala. 1989); see also Ala. Code § 12-21-12(b) (LexisNexis 2005) (abolishing the scintilla rule of evidence). In Cox, the court reversed a grant of summary judgment because the plaintiff presented a scintilla of evidence that there was a substance on the floor when she claimed that, although she did not see anything on the floor, she "felt a small wet spot on the right seat of her pants." Cox, 557 So. 2d at 831. By contrast, in the present case Meadows does not present any evidence of any defect causing her fall; therefore, she would not even meet the less stringent scintilla of evidence standard.

fact sought to be proved.'" Logan, 594 So. 2d at 84 (quoting West v. Founders Life Assurance Co., 547 So. 2d 870, 871 (Ala. 1989)).

Because Meadows has failed to meet this evidentiary standard to prove that her fall was caused by a defect on O'Charley's premises, it is unnecessary to determine if she also proved, by substantial evidence, that her fall was a result of any negligence on the part of O'Charley's or if O'Charley's had actual or constructive notice of the defect that caused the fall.  A plaintiff may not defeat a motion for summary judgment by simply guessing as to the cause of her injury or fall.  See, e.g., Ervin v. Excel Props., Inc., 831 So. 2d 38, 44 (Ala. Civ. App. 2001) ("Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause." (internal quotations omitted) (quoting Ex parte Diversey Corp., 742 So. 2d 1250, 1254 (Ala. 1999))); Logan, 594 So. 2d at 84-85 ("Evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury." (internal quotations omitted) (quoting Thompson v. Lee, 439 So. 2d 113 (Ala. 1983))).

In Ervin v. Excel Properties, Inc., the plaintiff, a tenant and invitee of the landlord defendant, fell "while descending the concrete steps outside her apartment."  831 So. 2d 38, 41 (Ala. Civ. App. 2001).  In the plaintiff's deposition, however, she was unable to identify the cause of her fall, and could only state that although she had seen loose concrete, she did not know if she fell because of the loose concrete.  Id. at 42.  The court, although recognizing that the evidence viewed in a light most favorable to the plaintiff indicated that the plaintiff "was injured when she fell while descending the steps," id. at 44, affirmed the summary judgment in favor of the defendant.  Id. at 45.

The court held that because the plaintiff did not "establish[] the element of her claim that required her to present evidence that her fall was caused by a defect or instrumentality located on [the defendant's] premises," id. at 45 (citing Logan v. Winn-Dixie Atlanta, Inc., 594 So. 2d 83, 84 (Ala. 1992)), the plaintiff could not overcome the motion for summary judgment with "mere conclusory allegations or speculation that fact issues exist[ed]." Id. (internal quotations omitted) (quoting Hurst v. Ala. Power Co., 675 So. 2d 397, 400 (Ala. 1996)).

Meadows, like the plaintiff in Ervin, cannot identify what caused her fall. In her deposition, Meadows stated that she "didn't notice liquid" when she fell (Pl.'s Dep. 33:7), but in her "opinion," the cause of her fall was rainwater tracked in from outside (Pl.'s Dep. 32:22-33:4). Meadows did not offer any evidence indicating that the floor, *at the location of her fall*, was wet or covered with any substance at any time. By her description, Meadows fell immediately upon stepping from the carpeted dining room onto the tile floor of the lobby, at least fifteen feet from the front door where caution signs were located. There simply is no evidence, even from Meadows' herself, that water or any other foreign substance was on the floor *where she fell*. Conjecture by a plaintiff, without substantial evidence in support of the alleged cause of a fall, is not sufficient to overcome a motion for summary judgment. As stated in Ervin, without more than mere speculation, there could have been any number of causes for a plaintiff's fall. Ervin, 831 So. 2d at 44; see also Tice v. Tice, 361 So. 2d 1051, 1052-53 (Ala. 1978) (affirming summary judgment for defendant because plaintiff could only produce evidence "that there were things in the yard over which she *might* have tripped" and she "could not state the cause of her fall") (emphasis added).

Even assuming that Meadows was able to produce substantial evidence that she slipped and fell on a foreign substance, she cannot carry the burden of proving that O'Charley's had actual or constructive notice of the substance that caused her fall. In order for O'Charley's to be held responsible for her injury, Meadows must "prove more than that [she] slipped and fell on a foreign substance." Riverview Reg'l Med. Ctr., Inc. v. Williams, 667 So. 2d 46, 48 (Ala. 1995). In order to meet the burden of proving actual or constructive notice, Meadows also must prove:

> [T]he alleged substance that caused her to fall had been on the floor for such a length of time that constructive notice of its presence could be imputed to the defendants; that the defendants had actual notice that the substance was on the floor; or that the defendants were delinquent in not discovering and removing the substance.

Ex parte Wal-Mart Stores, Inc., 806 So. 2d 1247, 1249 (Ala. 2001) (internal quotations omitted) (quoting Speer v. Pin Palace Bowling Alley, 599 So. 2d 1140, 1143-44 (Ala. 1992)); see also Maddox v. K-Mart Corp., 565 So. 2d 14, 16 (Ala. 1990).

Meadows does not offer any substantial evidence to prove O'Charley's had actual or constructive notice of any alleged substance on which she slipped; therefore, she cannot satisfy the "notice" element. There is no evidence that O'Charley's had actual notice of a substance of any kind at the place where Meadows fell.[2]

---

[2] Although the fact that O'Charley's had placed some type of caution signs at the entrance to the restaurant may support an inference that O'Charley's knew that rainwater may have been tracked into the entrance of the restaurant or that the entrance may have been slippery, there is no evidence to indicate that O'Charley's had any reason to believe that rainwater had been tracked farther into the restaurant or that other portions of the floor were slippery at that time. Moreover, there is no evidence as to what caused an employee of O'Charley's to place the caution signs at the entrance. It is at least possible that the signs were placed at the entrance because of something that had been spilled at the entrance, or because of the nature of the floor at that portion of the store. The plaintiff has no evidence, only her own conjecture, that the signs were placed due to the rain.

Further, there is no evidence that O'Charley's was delinquent in failing to discover or remove some substance, or that a substance had been on the floor for any particular amount of time in order to impute constructive notice to O'Charley's. A plaintiff cannot conjecture a time frame without more evidence. See, e.g., Maddox, 565 So. 2d at 16 (distinguishing its facts from those in Vargo v. Warehouse Groceries Mgmt., 529 So. 2d 986 (Ala. 1988), wherein the court granted summary judgment because plaintiff merely speculated as to how long water had been on the floor).[3]

Even assuming that Meadows could present substantial evidence that her fall was caused specifically by rainwater tracked in from the outside, the mere fact that it was raining outside, "in the absence of unusual accumulations . . . does not require that a storekeeper keep the floor completely free of water." Terrell v. Warehouse Groceries, 364 So. 2d 675, 677 (Ala. 1978). Meadows has not "presented substantial evidence to create a question whether there was an unusual accumulation of rainwater on the floor." Boyd v. Wal-Mart Stores, Inc., 710 So. 2d 1258, 1260 (Ala. Civ. App. 1997) (reversing grant of summary judgment when plaintiff offered evidence that there "was an unusual accumulation of rainwater" because he noted "there was a lot of water on the floor" and it was an "unusual" amount). Because Meadows has not presented evidence that there was *any*

---

[3] In reversing the grant of summary judgment, the court in Maddox found it "permissible to allow the trier of fact to infer the length of time that the substance had remained on the floor from evidence regarding the *nature* and condition of the substance." 565 So. 2d at 17 (emphasis added) (citing Cash v. Winn-Dixie Montgomery, Inc., 418 So. 2d 874 (Ala. 1982)). The plaintiff offered evidence that a Coke-like substance on the floor was sticky, and therefore it could be concluded that a substance was there long enough to become sticky, which would be long enough to impute constructive notice upon the defendant. Id. at 16-17. There is no evidence in the present case, however, of the presence of *any* substance on the floor where plaintiff fell, let alone the nature of a substance, in order to create a fact question for the jury regarding the length of time a substance remained on the floor.

substance on the floor where she fell, she therefore has not offered substantial evidence that there was rainwater or any other substance that had accumulated in an unusual amount.

## IV. CONCLUSION

Consistent with the foregoing discussion of the evidence presented by the defendant in support of the motion for summary judgment and the plaintiff's submission in opposition, the court determines that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment (court document #12) is due to be GRANTED and plaintiff's sole claim, that defendant was negligent, is due to be DISMISSED WITH PREJUDICE.

A separate order will be entered in accordance with the findings set forth herein.

DATED the 11th day of September, 2008.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE